# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| DAVID LAMARR LOVE, | ) |
| Plaintiff, | ) |
| v. | )  CV418-122 |
| STATE OF GEORGIA, | ) |
| Defendant. | ) |

# **REPORT AND RECOMMENDATION**

*Pro se* plaintiff David Love has filed this 42 U.S.C. § 1983 action alleging that various officials (apparently employees of Bryan County, Georgia or the City of Richmond Hill, Georgia) violated his civil rights. *See* doc. 1 at 4-5 (Complaint). He also seeks leave to proceed *in forma pauperis*. Doc. 2. As he appears to be indigent, that motion is **GRANTED**. The Court now proceeds to screen his Complaint pursuant to 28 U.S.C. § 1915A.[1] Because it fails to state a claim upon which relief may be granted, it should be dismissed.

---

[1] In cases like this one where the plaintiff is proceeding *in forma pauperis*, the Court must screen each case and dismiss it if either the allegation of poverty is untrue or the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

1

There are (at least) two fatal defects in Love's claim. The first is that the State of Georgia is not a viable defendant; it is immune from suit. *See, e.g., Robinson v. Georgia Dept. of Transp.*, 966 F.2d 637, 640 (11th Cir. 1992) (42 U.S.C. § 1983 does not deprive states of their Eleventh Amendment immunity from suit). That defect might warrant allowing Love to amend his claims to identify a defendant who is subject to suit, *Langlois v. Traveler's Ins. Co.*, 401 F. App'x 425, 426-27 (11th Cir. 2010), but such an opportunity is inappropriate here because Love's allegations make clear that his claim is indisputably time-barred. *See Jenkins v. Walker*, 620 F. App'x 709, 711 (11th Cir. 2015) (citing *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007)) ("[A] district court need not allow amendment if the amended complaint would still be subject to dismissal.").

Claims for civil-rights violations brought pursuant to § 1983 are subject to the statute of limitations for tort actions in the state where the violations occur. In Georgia, that period is two years. *See Lovett v. Ray*, 327 F.3d 1181, 1182 (11th Cir. 2003). *All* of the events alleged in Love's Complaint occurred in 2015. *See* doc. 1 at 4; *see also id.* at 5 (alleging he has suffered the effects of the alleged violations "for over 2 and a half

(2.5) years"). Any § 1983 claim arising from those events is, therefore, time-barred and should be **DISMISSED**.[2] *See, e.g., La Grasta v. First Union Securities, Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) ("[D]ismissal on statute of limitations grounds is appropriate only if it is apparent from the face of the complaint that the claim is time-barred." (quotes and cite omitted)); *Smith v. Regional Dir. of Fla. Dept. of Corrs.*, 368 F. App'x 9, 12 (11th Cir. 2010) (prisoner/IFP action may be dismissed *sua sponte* "where an affirmative defense appears on the face of a complaint").

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

---

[2] Despite the lack of any apparent basis for viable amendment, Love's opportunity to object to this Report and Recommendation within 14 days of service affords him an opportunity to resuscitate his case.  He may submit an Amended Complaint during that period, if he believes that it would cure the legal and factual defects discussed above.  *See Willis v. Darden*, 2012 WL 170163 at * 2 n. 3 (S.D. Ga. Jan. 19, 2012) (citing *Smith v. Stanley*, 2011 WL 1114503 at * 1 (W.D. Mich. Jan. 19, 2011)).

3

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this 5th day of June, 2018.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA