FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2018 JUL 11 PM 4:45

CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

DAVID LAMARR LOVE, )
)
    Plaintiff, )
)
v. ) CASE NO. CV418-122
)
STATE OF GEORGIA, )
)
    Defendant. )
)

## O R D E R

On May 24, 2018, Plaintiff filed a complaint alleging a variety of civil rights violations. (Doc. 1.) On June 5, 2018, the Magistrate Judge screened Plaintiff's complaint and issued a Report and Recommendation recommending dismissal of Plaintiff's claims. (Doc. 5.) The Magistrate Judge concluded that Plaintiff's claims failed because (1) the State of Georgia was immune from suit; and (2) Plaintiff's claims originated from events occurring in 2015 and were, therefore, untimely. (Id.)

On June 26, 2018, this Court adopted the Magistrate Judge's Report and Recommendation without objection. (Doc. 5.) Two days later, the Court received Plaintiff's objections to the Report and Recommendation. (Doc. 7.) The Court considered Plaintiff's objections and concluded that there was no reason to disturb its prior order adopting the Magistrate Judge's Report and Recommendation. (Doc. 8.)

Now, Plaintiff has filed a Motion to Reinstate. (Doc. 9.) In his current motion, Plaintiff argues that his complaint should not

be dismissed as untimely. (Id.) Plaintiff contends that some of his claims arise from incidents occurring on July 9, 2016 and August 23, 2016. (Id.) After careful consideration, Plaintiff's motion is **GRANTED**.

Upon further review of Plaintiff's objections, the Court is unable to conclude that Plaintiff's claims are all untimely. Because Plaintiff filed his complaint on May 24, 2018, any of Plaintiff's claims subject to the two-year statute of limitations that arose prior to May 24, 2016 would be untimely. However, any claim arising after May 24, 2016 would not be time barred in this case. Because Plaintiff alleges that some of his claims occurred in July and August of 2016, the entirety of Plaintiff's complaint cannot be dismissed at this time.

Accordingly, this Court's order adopting the Magistrate Judge's Report and Recommendation is **VACATED IN PART**.[1] The Court continues to adopt the portion of the Magistrate Judge's Report and Recommendation that concludes that the State of Georgia is immune from suit and that Plaintiff's civil rights claims that occurred more than two years prior to the date in which he filed the complaint in this case are untimely. To the extent, however, Plaintiff attempts to raise claims based on events occurring within the two-year statute of limitations, those claims are not dismissed.

---

[1] In addition, this Court's order (Doc. 8) denying Plaintiff's objections to the Report and Recommendation is **VACATED**.

2

At this time, the Court has difficulty deciphering Plaintiff's complaint and the timing of his claims. Accordingly, Plaintiff is **DIRECTED** to amend his complaint within 21 days from the date of this order. Plaintiff is instructed to provide a clear statement detailing any claims that are not untimely—those claims arising after May 24, 2016. Plaintiff is also reminded that the State of Georgia is immune from suit and is not a proper defendant in this action. The Clerk is **DIRECTED** to reopen this case.

SO ORDERED this 11th day of July 2018.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA