# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| DAVID LAMARR LOVE, | ) | |
| Plaintiff, | ) | |
| v. | ) | CV418-122 |
| CITY OF RICHMOND HILL, | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

*Pro se* plaintiff David Love has filed this 42 U.S.C. § 1983 action against the City of Richmond Hill based on his "unlawful" detention and arrest "without due process, warrant or violation of a cabeus [*sic*]." Doc. 11 at 2 (Amended Complaint).[1] Love explains that when he was stopped by a Richmond Hill Police Department captain on July 9, 2016 for failing to stop at a stop sign, he refused to produce his insurance and registration when requested. Doc. 11 at 4. After some back-and-forth

---

[1] Love's case was previously dismissed, as the allegations of his Complaint were both time-barred and alleged against a defendant immune from suit. Docs. 5 & 8. His motion to reinstate his case was granted, and leave to amend given, when he clarified that some events of the Complaint were not barred by the applicable statute of limitations. Doc. 10. Love timely submitted his Amended Complaint. Doc. 11. The Court therefore screens it under 28 U.S.C. § 1915(e), which requires the immediate dismissal of any *pro se* complaint that fails to state at least one actionable claim against a governmental entity or official.

with the officer, Love was informed that he was being placed under arrest. He then demanded to "see the document with the affidavit attached to it or the complaint filed by the county prosecutor." *Id*. at 5. His request was denied, and he was handcuffed, carted to Bryan County Jail, and booked. *Id*. He was held until the next morning, when he was bailed out by a friend. He has been involved in ongoing state court proceedings since that time.[2] *Id*. at 5-8.

At best, Love is complaining that his warrantless arrest was unlawful.[3] *See Wallace v. Kato*, 549 U.S. 384, 389 (2007) (a false arrest claim based on a warrantless arrest is "a species" of a false imprisonment

---

[2] Love appears to be referencing the (now closed) Bryan County case against him for driving with a suspended/revoked license, using a plate to conceal his vehicle's identification, and without valid registration and insurance. *See State v. Lamar*, STSR2017-1028. Or, perhaps, he references his open case for driving with a suspended/revoked license. *See State v. Lamar*, STSR2017-1025 (it is unclear whether this case was consolidated with and disposed of by the other case). His Amended Complaint references a "false" report for a "fictitious debt" to provide pretext to detain Love, but it is unclear whether that is even in reference to his original arrest or the Superior Court's collection efforts. *See* doc. 11 at 3.

[3] Love mysteriously states that he is "not David Lamar Love," doc. 11 at 5, indicating that perhaps this was a case of mistaken identity. That allegation, of course, is not fully fleshed out, or even referenced again, in his Amended Complaint. And he throws out various identifiers (*e.g.*, "Native American, indigent, disabled and of the D.O.J. letters" and "as a black man in the name of David Lamar Love") in what seems to be an attempt to invoke some sort of super-civil rights standing. *E.g.*, doc. 11 at 3. Such efforts are wasted, however, given that nothing in his Amended Complaint indicates he was targeted because of these referenced protected classes. After all, by his own admission, he was pulled over for blowing a stop sign and arrested when he refused to produce his valid registration and insurance.

claim).  But "the existence of probable cause at the time of arrest is an absolute bar to a subsequent constitutional challenge to the arrest." *Case v. Eslinger*, 555 F.3d 1317, 1326-27 (11th Cir. 2009).  And Love affirmatively alleges facts showing that the police officer had probable cause both to stop him for failing to stop at a stop sign, *see, e.g., United States v. Simmons*, 172 F.3d 775, 778 (11th Cir. 1999) (running a stop sign provides officers with probable cause to stop a vehicle), *and* to arrest him when he refused to produce proof of registration or insurance when it was asked of him.  *See* O.C.G.A. §§ 40-2-5 (acquiring a license plate for the purpose of concealing the identity of a vehicle); 40-2-8 & -8.1 (driving without a valid license plate or decal); 40-5-121 (driving while license is suspended or revoked); 40-6-10 (failure to produce proof of minimum insurance) (all misdemeanors punishable by fine or imprisonment).  He points to nothing but his own dissatisfaction that he was caught to support his allegation that some right was violated.

Even had Love pointed to some improper conduct by the arresting officer, a governmental entity cannot be held liable simply because it employs a tortfeasor.  *See Oladeinde v. City of Birmingham*, 230 F.3d 1275, 1295 (11th Cir. 2000) ("A city or local government agency may not

be held liable for constitutional deprivations on the theory of *respondeat superior*.") (quote and cite omitted). To rope in the City, Love must show: "(1) that his constitutional rights were violated; (2) that the municipality had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation." *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004), *cited in Larry v. Mercer*, 2015 WL 1815523 at *2 (S.D. Ga. Apr. 21, 2015). Love has made no showing as to even the first prong, much less the second and third. The City of Richmond Hill cannot be held liable for its officer's conduct, much less his *constitutionally permissible* arrest of plaintiff, supported as it was by probable cause.[4]

Love, after being provided the opportunity to articulate a cognizable claim against a proper defendant (*see* doc. 10), has demonstrated that he is unable to do so. His Amended Complaint should therefore be **DISMISSED** for failure to state a claim. This Report and Recommendation (R&R) is submitted to the district judge assigned to

---

[4] Squirreled away amongst his voluminous ramblings is a single contention that the City is responsible for its failure to properly train or manage its officers to guard against a false arrest. Doc. 11 at 2-3. As discussed above, however, the officer had probable cause both to stop Love *and* to arrest him. Love's reference to legal keywords and phrases is unavailing to impose liability on the City.

this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this  10th  day of September, 2018.

*/s/ J.E. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA